GUARANTY SECURITY CORPORATION *vs.* NORTHWAY MOTORS CORPORATION & others.

Suffolk. March 24, April 4, 1927.— May 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets.

Five persons, denominated in an agreement in writing as trustees, executed and delivered a declaration of trust with the declared purpose of holding property conveyed to them for the purpose of amalgamating three corporations. The agreement was in form assented to by the three corporations, but only one of them conveyed property to the trustees, and that conveyance was to get the title out of the grantor by reason of a dispute as to who was its governing board of directors, the execution of the deed resulting in no change of management. None of the purposes set out in the trust deed was accomplished and the trustees reconveyed the property to the corporation which had conveyed it to them. With the deed of reconveyance was recorded a mortgage to a third person. *Held*, that a creditor of one of the corporations which had not conveyed property to the trustees could not maintain a suit in equity to reach the property so conveyed or to set aside the mortgage to the third person.

BILL IN EQUITY, filed in the Superior Court on January 10, 1925, against Northway Motors Corporation, Northway Motors Sales Company, Northway Guaranty and Discount Corporation, Rutenber Motor Company, Ralph E. Northway, Henry C. Mulligan, Stephen W. Holmes, Frank V. Noyes and Reginald C. Heath, the last five being designated trustees of the Northway Reorganization Trust.

The bill is described in the opinion. The suit was referred to a master. Material facts found by the master are stated in the opinion. The suit then was heard by *McLaughlin*, J., by whose order a final decree was entered adjudging that the Northway Guaranty and Discount Corporation owed the plaintiff $25,985.63 and directing that execution issue therefor; and dismissing the bill as to the other defendants. The plaintiff appealed.

*G. S. Ryan,* for the plaintiff.

*F. O. White,* (*R. C. Rounds* with him,) for the defendants.

CARROLL, J. The plaintiff, a creditor of the Northway Guaranty and Discount Corporation, seeks in this bill in equity to compel payment of its debt from assets, which, it contends, were conveyed to trustees for the benefit of the creditors of the Northway Guaranty and Discount Corporation, The Northway Motors Corporation and the Northway Motor Sales Company. The bill asks for injunctive relief, and prays that a deed from the trustees to the Northway Motors Corporation of certain real estate and a mortgage thereon to the Rutenber Motor Company be declared void.

The trust agreement was dated March 9, 1922. Its declared purpose was to hold the property conveyed to the trustees in trust for the benefit of the "Cestuis Que Trust" in order to amalgamate the three corporations. The trust agreement provided that the trustees were to procure the issue of $400,000 three year notes by the Northway Motors Corporation "and in connection therewith to hold such assets . . . as may remain after the payment of its indebtedness, other than to either or both of said other two corporations, in trust for the benefit of the holders of said notes." The trustees were to manage the business of the corporations as directors. The *cestuis que trust* were to receive certificates

showing the amount of beneficial interest to which they were entitled. They were to receive the income of the trust, after the payment of certain designated charges.

It was found by the master that, early in the year 1922, those in control of the three companies considered the question "of raising ready capital," and the reorganization trust resulted. The trust agreement was a declaration by the five persons signing it. "Each of the corporations in form assented" to it, but the validity of the assenting votes was disputed. No creditor became a party to the trust agreement. The plaintiff was not a stockholder of any of the corporations and it did not receive a certificate as *cestui que trust*. The only property received by the trustees was the conveyance of the real estate owned by the Northway Motors Corporation. None of the ultimate purposes of this trust was accomplished, the three corporations were not consolidated, and the notes were not issued.

It was found that no property of the Northway Guaranty and Discount Corporation was held by the trustees; that the deed from the Northway Motors Corporation was dated June 28, 1923, and the property was reconveyed to that company by deed of the trustees dated January 31, 1924; that before the conveyance of June 28, 1923, was made, there was a meeting of the stockholders of the Northway Motors Corporation; that the majority of the stock was held by voting trustees, but their holdings of stock did not correspond with the stock record; that a petition for a writ of mandamus was brought in the Supreme Judicial Court, and the result was that the board of directors elected by the trustees remained in control "as officers and directors *de facto*"; that three days after the mandamus case was decided, the deed dated June 28, 1923, was executed; that the Rutenber mortgage was made by the Northway Motors Corporation November 17, 1924, the trust instrument, and the trustees deed of reconveyance dated January 31, 1924, being recorded with the Rutenber mortgage of November 28, 1924. It was also found that the effect of the conveyance from the Northway Motors Corporation to the trustees as well as its purpose was "to get the record title out of Motors Co." so that the

minority board could not encumber or sell the real estate. The execution of the deed resulted in no change of management; the board of directors continued to direct the affairs of the corporation although the trustees exercised a general supervisory power over the affairs of the three companies.

Assuming but without deciding that the conveyance to the trustees by the Northway Motors Corporation was a valid conveyance, it does not appear that the trustees received this conveyance for the purposes of the trust. The real estate was conveyed to them merely to protect it from a sale by the minority board of directors. The Northway Guaranty and Discount Corporation and the Northway Motor Sales Company conveyed no property to the trustees, and apparently did nothing except assent to the formation of the trust without further participation in it. The purposes of the trust were not carried out and the property of the Northway Motors Corporation was returned to it. As a creditor of the discount corporation, which never participated in the trust, the plaintiff has no right to share in the property of the motors corporation which evidently, under the findings of the master, was not conveyed to the trustees for the purposes of the trust but for another reason. Furthermore, under the trust agreement, the property "remaining after the payment of all" debts belonging to the three corporations was to be conveyed to the trustees, and the assets were to be held solely for the benefit of the *cestuis que trust*. The trustees therefore were entitled to hold under the trust agreement such assets only as remained after the payment of debts. The income of the trust, after deducting operating and current expenses and debts and reserves set apart for payment of taxes and other maturing debts, was to be paid to the *cestuis que trust* in accordance with the terms of the privities and rights set forth in the trust certificates to be issued under the trust agreement.

The provisions (a), (b), (c), (d), (e) and (f) of the trust agreement are not inconsistent with this construction: they relate to the formation of a new corporation, and gave the plaintiff as a creditor of the discount corporation no right to share in the property. The trust agreement contemplated a

consolidation of the three corporations.   After their debts were paid, their property was to be held for the benefit of the *cestuis que trust*.   It was not intended that their creditors should be paid by the trustees and it was not intended that the creditors of a corporation which conveyed none of its assets to the trustees and did not participate in the transaction, should be paid from the assets of another corporation.   If the objects of the trust agreement were carried out, the property held by the trustees was to be used solely for the benefit of the *cestuis que trust*.   The *cestuis* were those who might purchase and hold the notes which were to be issued under the agreement; the assets were to be held solely for their benefit, and the plaintiff was not a beneficiary under the agreement.   As the plaintiff was not a creditor of the Motors Corporation, it is in no position to question the validity of the conveyance to the Motors Corporation and the mortgage to the Rutenber Motor Company.   See *Boyd* v. *Brown*, 17 Pick. 453, 459; *George* v. *Kimball*, 24 Pick. 234, 238.

The decree ordered that the Northway Guaranty and Discount Corporation pay the plaintiff the sum due it with costs in the sum stated in the decree; and that as against the remaining defendants the bill be dismissed with costs.   The decree was right.   It is affirmed with costs to the defendants Frank Owen White, Rutenber Motor Company, Northway Motors Corporation and Northway Motor Sales Company.

*Ordered accordingly.*